UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

ILHAN ADAN ALI                                    CIVIL ACTION NO. 26-0558

                                                  SECTION P
VS.

                                                  JUDGE JERRY EDWARDS, JR.

U.S. IMMIGRATION & CUSTOMS                        MAG. JUDGE KAYLA D. MCCLUSKY
ENFORCEMENT

REPORT AND RECOMMENDATION

Petitioner Ilhan Adan Ali,[1] a detainee in the custody of the Department of Homeland

Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE"), petitions

for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  Respondents oppose the petition.  [doc. #

10].  For reasons below, the Court should deny the petition.

Background

Petitioner is a citizen of Somalia.  [doc. # 10, p. 1].  She entered the United States of

America on October 2, 2024.  *Id.*  On August 19, 2025, an immigration judge ordered her

removed to Somalia.  [doc. #s 1, p. 4; 10-1].  Petitioner appealed to the Board of Immigration

Appeals ("BIA"); her appeal is pending.  *Id.* at 4-5.

---

[1] Petitioner's "A Number" is 249-136-789.

[2] This matter has been referred to the undersigned for review, report, and recommendation under
28 U.S.C. § 636, and the standing orders of the Court.

Petitioner filed this proceeding on February 17, 2026.  [doc. # 1, p. 8].  She claims in total: "I have been detained for so long with no opportunity of bond hearing. [sic]."  *Id.* at 6.

Respondents opposed the petition on April 7, 2026.  [doc. # 10].  They argue primarily:

> Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). This conclusion is required under controlling precedent. The Fifth Circuit Court of Appeals held that aliens, like the Petitioner, who entered the United States illegally and who are not 'clearly and beyond a doubt entitled to be admitted,' 'shall be detained' under 8 U.S.C. § 1225(b)(2)(A), until the conclusion of their removal proceedings. *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

*Id.* at 1.

Petitioner filed a reply on April 20, 2026.  [doc. # 14].

**<u>Law and Analysis</u>**

On February 6, 2026, the Fifth Circuit Court of Appeals held that aliens who have not been admitted may be detained without bond hearings under 8 U.S.C. § 1225(b)(2)(A), even when they have been present in the United States for many years.  *Buenrostro-Mendez*, 166 F. 4th at 502.  In reaching its conclusion, the court analyzed the meaning of "seeking admission" and "applicants for admission" in 8 U.S.C. § 1225.  *Id.*  The court concluded that "applicants for admission," which includes all aliens who have not previously been admitted to the United States, are necessarily "seeking admission" and, therefore, subject to mandatory detention under § 1225(b)(2)(A).  *Id.*

Here, *Buenrostro-Mendez* governs Petitioner's detention status: Petitioner is detained under Section 1225.  Under 8 U.S.C. § 1225(b)(1)(B)(ii), "[i]f the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum." (emphasis added).  Plainly, Section 1225 does not authorize release on bond.  *Jennings v.*

2

*Rodriguez*, 138 S. Ct. 830 (2018). Petitioner is, therefore, not statutorily entitled to a bond hearing.

Petitioner, however, claims that the Due Process Clause entitles her to a bond hearing. [doc. # 14]. In *Dzheison Ford v. Timothy Ducote, et al.*, 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020), the district judge opined in pertinent part:

> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States. He was detained for expedited removal. An asylum officer rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.
>
> In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.
>
> Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.

3

> The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."
>
> Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).

Here, Petitioner is not constitutionally entitled to a bond hearing. *See Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process.").[3] As in *Ford*, Petitioner's detention is not indefinite or potentially permanent. An immigration judge ordered her removed on August 19, 2025, and Petitioner, thereafter, chose to appeal, which will likely extend her detention until the BIA decides her appeal. Petitioner's detention will likely end (i) when her order of removal becomes final (if the BIA affirms the order of removal or dismisses Petitioner's appeal) and the Government removes her or (ii) if the BIA rules in Petitioner's favor. Accordingly, the Court should deny Petitioner's claim.

<u>**Recommendation**</u>

For reasons above, **IT IS RECOMMENDED** that Petitioner Ilhan Adan Ali's petition be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[3] *See also Romero v. Tate*, 2026 WL 1067566, at *1 (S.D. Tex. Apr. 20, 2026); *Bekboev v. Vergara,* 2026 WL 1011244, at *1 (S.D. Miss. Apr. 14, 2026); *Mlaih v. Noem*, 2026 WL 787536, at *4 (N.D. Tex. Mar. 19, 2026).

party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 22nd day of April, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

5